MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
mmarmolejo@mayerbrown.com
333 S. Grand Avenue
47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500
Ori Lev (DC Bar No. 452565)
(*pro hac vice*)
olev@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:    +1.202.263.3300

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
smedlock@velaw.com
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:    +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
crowmelissa@uclawsf.edu
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile: +1.415.581.8824

*Additional Attorneys for Plaintiffs Listed on Next Page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*, | Case No.: 3:23-cv-01367-AGS-BLM |
| Plaintiffs, | Hon. Andrew G. Schopler |
| v. | **EXHIBIT 1 TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL FACTS** |
| ALEJANDRO N. MAYORKAS, *et al.*, | |
| Defendants. | |

23cv1367

| | |
|---|---|
| 1 | MAYER BROWN LLP<br>Michelle N. Webster (DC Bar No. 985265) |
| 2 | (*pro hac vice*)<br>Mwebster@mayerbrown.com |
| 3 | 1999 K Street, N.W.<br>Washington, DC 20006 |
| 4 | Telephone:  +1.202.263.3000<br>Facsimile:   +1.202.263.3300 |
| 5 | Matthew E. Fenn (NY Bar No. 5391149)<br>(*pro hac vice*) |
| 6 | Mfenn@mayerbrown.com<br>71 S. Wacker Dr. |
| 7 | Chicago, IL 60606<br>Telephone: +1.312.782.0600 |
| 8 | |
| 9 | VINSON & ELKINS LLP<br>Evan Miller (DC Bar No. 219310) |
| 10 | (*pro hac vice*)<br>emiller@velaw.com |
| 11 | Nataly Farag (DC Bar No. 90006516)<br>(*pro hac vice*) |
| 12 | nfarag@velaw.com<br>Alex Rant (DC Bar No. 1780786) |
| 13 | (*pro hac vice*)<br>arant@velaw.com |
| 14 | Rami Abdallah E. Rashmawi (DC Bar No. 1780184)<br>(*pro hac vice*) |
| 15 | rrashmawi@velaw.com<br>2200 Pennsylvania Ave., N.W., Ste. 500 W |
| 16 | Washington, DC 20037<br>Telephone:  +1.202.639.6500 |
| | Facsimile:   +1.202.879.8939 |
| 17 | |
| 18 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy (NY Bar No. 2860740) |
| 19 | (*pro hac vice forthcoming*)<br>bazmy@ccrjustice.org |
| 20 | Angelo Guisado (NY Bar No. 5182688)<br>(*pro hac vice forthcoming*) |
| 21 | aguisado@ccrjustice.org<br>666 Broadway, 7th Floor |
| 22 | New York, NY 10012<br>Telephone: +1.212.614.6464 |
| 23 | Facsimile: +1.212.614.6499 |
| 24 | AMERICAN IMMIGRATION COUNCIL<br>Gianna Borroto (IL Bar No. 6305516) |
| 25 | (*pro hac vice*)<br>gborroto@immcouncil.org |
| 26 | Katherine Melloy Goettel (IA Bar No. 53821)<br>(*pro hac vice*) |
| 27 | kgoettel@immcouncil.org<br>Suchita Mathur (NY Bar No. 5373162) |
| 28 | (*pro hac vice* |

*smathur@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

CENTER FOR GENDER & REFUGEE STUDIES
Neela Chakravartula (CA Bar No. 254746)
*neela@uclawsf.edu*
UC College of the Law, San Francisco
200 McAllister Street
San Francisco, CA 94102
Telephone: +1.415.565.4877
Facsimile: +1.415.581.8824

CENTER FOR GENDER & REFUGEE STUDIES
Robert Pauw (WA Bar No. 13613)
(*pro hac vice*)
*rpauw@ghp-law.net*
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA 98104
Telephone: +1.206.682.1080
Facsimile: +1.206.689.2270

## DECLARATION OF NICOLE ELIZABETH RAMOS

I, Nicole Elizabeth Ramos, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I make this declaration based on my personal knowledge, except where I have indicated otherwise. If called as a witness, I could and would testify competently and truthfully to these matters.

2. I am the Border Rights Project Director of Al Otro Lado ("AOL"). In this capacity, I am responsible for managing the provision of legal orientation to asylum seekers and other migrants in Mexico. I supervise staff and volunteers who assist at our legal orientation clinic, as well as those who assist with the legal accompaniment of asylum seekers and human rights monitoring at U.S. ports of entry ("POE") in Tijuana.

3. On August 18 and 19, 2023, I accompanied individual plaintiffs in the present action to present at the Chaparral/Pedwest POE.

4. Plaintiffs Somar Doe, Guadalupe Doe, Luisa Doe, and their families received appointments to present for inspection with CBP as a result of an agreement with the government through this litigation. The appointments were scheduled for August 18, 2023, at 8:00 pm PT, at the Chaparral/PedWest POE. Somar, Guadalupe and Luisa received a notification of the appointments through their CBP One apps. Typically, a person who receives a CBP One appointment receives an accompanying email confirming the appointments. While Somar, Guadalupe, and Luisa did not receive emails confirming these appointments, Defendants' counsel confirmed the appointments and assured Plaintiffs' counsel that no additional documentation was needed. Plaintiffs' counsel relayed that information to me.

5. On August 18, 2023, I accompanied Plaintiffs Somar Doe, Guadalupe Doe, Luisa Doe, and their families to the Chaparral/PedWest POE at the U.S.–Mexico border, as instructed in

their appointment notices. We arrived at around 7:30 pm PT in advance of their 8:00 pm appointments. When we arrived at the POE, officials from the Mexican immigration agency, National Institute of Migration (INM), took the individual plaintiffs and their families across the bridge to the U.S. side of the POE. I returned home, a 20-minute drive away, because I did not anticipate any problems.

6.     A short time later, I received a message from Plaintiff Luisa Doe, stating that CBP had refused to process them. I called the cell number of one of the plaintiffs, who handed the phone to the INM officer who had escorted them to the U.S. side of the port. The INM officer, Roberto Esparza, told me that CBP had refused to accept and process the group. According to CBP, unless the plaintiffs had CBP One confirmation emails, they could not present.

7.     Through this process, INM Officer Esparza treated the plaintiffs cruelly. After Plaintiff Luisa Doe called me, Officer Esparza yelled at her to put her phone away, and told her if she used it again it would prejudice her case, and CBP would send her back to Mexico. He also told Plaintiff Somar Doe that she would be separated from her adult daughter, Guadalupe Doe, and her grandchildren and that she would be detained because she was not considered part of the family unit.

8.     After CBP turned back the plaintiffs, they returned to the Mexican side of the port. They waited there for me and my colleague to return to the port. Once we did, we all walked together to the San Ysidro East POE. The distance between the two POEs is about one kilometer and we had to walk across the car lanes. It took us about 15 minutes between the two POEs, slowed by the fact that the families had young children and luggage with them.

9.     At the San Ysidro East POE, we interacted with CBP Officers Aboytez, Villanueva, and Rodriguez. We later interacted with CBP Officer Wesner who went to a back office to speak

with a supervisor. Officer Wesner told us that the attorney who sent in the appointment requests did not properly schedule a CBP One appointment, which is why CBP at the Chaparral/PedWest POE turned back the plaintiffs and their families. Officer Wesner advised us that we needed to return to the Chaparral/PedWest POE in order for the plaintiffs to be processed.

10. We followed Officer Wesner's instructions and returned to the Chaparral/PedWest POE, another one-kilometer walk. When we arrived, the Mexican private security guard stationed in the parking lot at the POE told us that there was no one who could take the plaintiffs and their families to the U.S. side of the POE, and we would have to return the next day. Without an INM guard to escort us, we could not go to the U.S. side of the POE. They would not let us travel across the bridge without an escort.

11. We called the CBP Supervisor telephone line and spoke to two officers. It was difficult to hear because we were next to the highway. They said they would call us back in five minutes. At this point, approximately three hours had passed since we had first arrived at the Chaparral/PedWest POE earlier that evening.

12. After waiting 25 minutes, I called the CBP Supervisor line again. The person who answered informed me that there was no one available to escort the families to the U.S. side of the POE at that time, and he advised us to return to the San Ysidro East POE.

13. Following these instructions, we made our second trek back to San Ysidro East, with the young children in tow. Once there, I spoke with CBP Officer Rios-Pole, and I explained what had occurred until that point in time. She indicated that we would need to return to the Chaparral/PedWest POE. I explained that we had spoken with a CBP Supervisor, who had directed us to return to San Ysidro East. She let us know a supervisor would be out to speak with us.

14. Finally, at 11:15 pm PT, CBP Officer Sellers came out and took the families to be processed. The entire ordeal took nearly four hours.

15. The next day, on Saturday, August 19, 2023, shortly before 12:00 pm PT, I accompanied Plaintiffs Laura Doe, Michelle Doe, and Diego Doe, along with their family members, to present at the Chaparral/PedWest POE. A total of eight people were in our group.

16. Once we arrived at the Chaparral/PedWest POE, we spoke with a Grupo Beta Supervisor, Gustavo, whose last name I do not know. Grupo Beta is the security arm of Mexico's immigration agency, INM. I provided Supervisor Gustavo with the appointment notices for each member of our group, and an email from Defendants' counsel confirming the appointments. Supervisor Gustavo communicated with CBP via cell phone and then relayed to us that we needed to go to San Ysidro East, because that is where CBP takes "special cases" scheduled outside of the CBP One system.

17. We made the one-kilometer walk from the Chaparral/PedWest POE to the San Ysidro East POE, where we spoke with CBP Officer Tucker. There was also an INM officer and a Mexican National Guard officer stationed at the San Ysidro East POE. Officer Tucker told us we would need to go back to the Chaparral/PedWest POE, where the families originally tried to present. I explained that Officer Gustavo from Grupo Beta, on instruction from CBP, had told us that the families needed to present at the San Ysidro East POE.

18. Officer Tucker sent for a supervisor to assist us. Around 20 minutes later, CBP Supervisor Watson came out and informed us that we needed to go back to the Chaparral/PedWest POE, that CBP officers at the Chaparral/PedWest POE had been informed of the situation and the plaintiffs' cases, and that they would be processed.

19. We returned to the Chaparral/PedWest POE and again interacted with a Mexican security guard. I informed him of what had happened and why we were there, and he was incredulous and unhelpful. I again tried to explain the families' situation in simple terms. He asked us to wait off to the side for a bit. After waiting for about 20-25 minutes, the Mexican security guard ushered them into the government parking lot, and then they were escorted across the bridge to the U.S. side of the POE, and they were subsequently processed by CBP.

20. The entire ordeal on Saturday, August 19, 2023, took about 2½ to 3 hours. It was frustrating that the events of Friday evening recurred on Saturday, despite CBP's awareness of the problems the previous group of families had faced.

21. On August 28, the CBP One system was down, and all persons who appeared at the Chaparral/PedWest and San Ysidro POEs for their CBP One appointments were told they could not be processed, and CBP turned them back. They were told their appointments would be rescheduled.

Executed on this 30th day of August 2023, at Tijuana, Mexico.

/s/ Nicole Elizabeth Ramos
NICOLE ELIZABETH RAMOS