MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
mmarmolejo@mayerbrown.com
333 S. Grand Avenue
47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500
Ori Lev (DC Bar No. 452565)
(*pro hac vice*)
olev@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
smedlock@velaw.com
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:  +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
crowmelissa@uclawsf.edu
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile: +1.415.581.8824

*Additional Attorneys for Plaintiffs Listed on Next Page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALEJANDRO N. MAYORKAS, *et al.*,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-01367-AGS-BLM<br><br>Hon. Andrew G. Schopler<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEADLINE TO RESPOND TO COMPLAINT PENDING RULING ON PLAINTIFFS' PROVISIONAL CLASS CERTIFICATION & PRELIMINARY INJUNCTION MOTIONS** |

23cv01367

MAYER BROWN LLP
Michelle N. Webster (DC Bar No. 985265)
(*pro hac vice*)
Mwebster@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone:   +1.202.263.3000
Facsimile:    +1.202.263.3300
Matthew E. Fenn (NY Bar No. 5391149)
(*pro hac vice*)
Mfenn@mayerbrown.com
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: +1.312.782.0600

VINSON & ELKINS LLP
Evan Miller (DC Bar No. 219310)
(*pro hac vice*)
emiller@velaw.com
Nataly Farag (DC Bar No. 90006516)
(*pro hac vice*)
nfarag@velaw.com
Alex Rant (DC Bar No. 1780786)
(*pro hac vice*)
arant@velaw.com
Rami Abdallah E. Rashmawi (DC Bar No. 1780184)
(*pro hac vice*)
rrashmawi@velaw.com
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:   +1.202.639.6500
Facsimile:    +1.202.879.8939

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740)
(*pro hac vice forthcoming*)
bazmy@ccrjustice.org
Angelo Guisado (NY Bar No. 5182688)
(*pro hac vice forthcoming*)
aguisado@ccrjustice.org
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

AMERICAN IMMIGRATION COUNCIL
Gianna Borroto (IL Bar No. 6305516)
(*pro hac vice*)
gborroto@immcouncil.org
Katherine Melloy Goettel (IA Bar No. 53821)
(*pro hac vice*)
kgoettel@immcouncil.org
Suchita Mathur (NY Bar No. 5373162)

(*pro hac vice*)
*smathur@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

CENTER FOR GENDER & REFUGEE STUDIES
Neela Chakravartula (CA Bar No. 254746)
*neela@uclawsf.edu*
UC College of the Law, San Francisco
200 McAllister Street
San Francisco, CA  94102
Telephone: +1.415.565.4877
Facsimile: +1.415.581.8824

CENTER FOR GENDER & REFUGEE STUDIES
Robert Pauw (WA Bar No. 13613)
(*pro hac vice*)
*rpauw@ghp-law.net*
c/o Gibbs Houston Pauw
1000 Second Avenue, Suite 1600
Seattle, WA  98104
Telephone: +1.206.682.1080
Facsimile: +1.206.689.2270

Defendants seek extraordinary relief under the guise of procedural convenience. Plaintiffs have already agreed to move the deadline for Defendants to file a motion to dismiss to December 4, 2023, so that it does not conflict with ongoing preliminary injunction briefing and oral argument. However, Defendants are also trying to slow down discovery by unnecessarily delaying discovery preparation such as negotiation of a stipulation concerning the production of electronically-stored information and postponing a Rule 26(f) conference. To be clear, Plaintiffs have not requested and are not immediately seeking to "proceed with general discovery," Dkt. 52 at 3, merely to engage in standard pre-discovery preparation. While Defendants' ex parte application purports to stay only their deadline to respond to the Complaint, they are in fact asking this Court to indefinitely stay all discovery preparation.

However, "[t]he Federal Rules of Civil Procedure do not provide for automatic stays of discovery." *First Am. Title Ins. v. Commerce Assocs., LLC*, 2016 WL 951175, at *2 (D. Nev. 2016). A party seeking to stay discovery may base its motion on either Federal Rule of Civil Procedure 26(c) or the Court's inherent power to manage its own docket. Neither argument supports staying discovery here.

1. Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be stayed." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "The moving party must show a particular and specific need for the protective order [staying discovery], as opposed to making stereotyped or conclusory statements." *Id.*

While the Ninth Circuit has not established a standard for deciding whether to stay discovery at the pleading stage, federal courts in California generally utilize a two-part test, which Defendants do not cite anywhere in their ex parte application. *See Rutledge v. ADP, Inc.*, 2023 WL 2977343, at *2 (S.D. Cal. 2023). First, there

must be a "pending motion" that is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id.* (citation omitted). Second, the district court must "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* (citation omitted).

Here, Defendants concede that there is no pending motion to dismiss, and Plaintiffs have not served or delivered any discovery requests. Further, the only currently pending motions, the motions for preliminary injunction and provisional class certification, relate to only a single one of Plaintiffs' multiple claims, the *Accardi* claim, and Plaintiffs' complaint raises several other legally and factually distinct claims for relief. Consequently, the currently pending motions are plainly neither dispositive of the entire case nor dispositive of any of the issues for which discovery would be aimed.

Defendants are asking for an automatic stay of discovery *preparation* activities, some of which have already been initiated by Defendants themselves such as negotiating the protective order, because they may file a motion to dismiss at some point in the future. The only case that Defendants cite for this proposition is *Immigrant Defenders Law Center v. Mayorkas*, No. 20-cv-9893, Dkts. 127, 128 (C.D. Cal. Apr. 15 & 21, 2021). However, Defendants did not even bother to explain to the Court that the scheduling relief sought in *Immigrant Defenders* was **unopposed**, obviously distinguishing that case from this one. *See* Dkt. 54-1. Moreover, nothing in the Federal Rules of Civil Procedure or case law supports that position. *See, e.g.*, *FHFA v. GR Invs., LLC*, 2019 WL 2527563, at *1 (D. Nev. 2019) ("the Rules do not provide for an automatic stay of discovery").[1]

---

[1] In each of the cases cited by Defendants, a motion to dismiss was pending when discovery was stayed and the plaintiff was seeking extensive pleading stage discovery. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (discussing cost of antitrust discovery in light of substantive motion

  2. Defendants' motion must also be denied because it ignores settled case law on discretionary stays. In considering a request for such a stay, the Ninth Circuit holds that the district court should weigh various factors, including (1) the "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citation omitted). Defendants ignore these factors entirely. And it is little wonder why. Thousands of asylum seekers will be harmed by unnecessarily delaying this case. There is virtually no inconvenience to the parties getting ready for discovery and Defendants have not even attempted to meet their burden by making a showing of "hardship or inequity" to the government in moving forward. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). Indeed, having a case that is discovery-ready means that the parties can simplify the discovery process after Defendants' possible motion to dismiss is decided.

  Defendants' request for a discretionary stay is also based on a misapprehension of Plaintiffs' position. Plaintiffs did not request, and are not asking for, the parties "to proceed with general discovery." Dkt. 52 at 3. Plaintiffs are asking for the parties to ensure that the case is discovery-ready once Defendants' responsive pleading is filed and, if necessary, decided. That way the parties do not have to start from scratch before embarking upon discovery. There is no reason to believe that getting ready for discovery will be an arduous task. Indeed, the parties in this litigation have previously agreed on protective orders, ESI protocols, and other discovery stipulations in a

---

to dismiss); *Ewing v. Premium Merch. Funding One, LLC*, 2023 WL 5154520, at *2 (S.D. Cal. 2023) (weighing arguments raised in pending motion to dismiss).

similar case. *See* Dkts. 276, 277, *Al Otro Lado, Inc. v. Mayorkas*, No. 17-cv-2366 (S.D. Cal. July 18, 2019). So, the parties are not starting with a blank slate, and this discovery preparation will not "undermine" anything. Dkt. 52 at 3.[2]

      Defendants come nowhere close to carrying the heavy burden of staying discovery at this stage of the case. Their ex parte application should be denied.

---

[2] Defendants are also wrong when they cite Local Rule 16 to claim that Plaintiffs' proposal "depart[s] from the default set in the Local Rules." Dkt. 52 at 3. Local Rule 16(d) governs the Federal Rule of Civil Procedure 16(b) hearing. The Rule 26(f) conference occurs in advance of the Rule 16(b) hearing. *See* Fed. R. Civ. P. 26(f). Therefore, Plaintiffs' proposal is entirely consistent with the Local Rules.

Dated: September 22, 2023

        MAYER BROWN LLP
           Matthew H. Marmolejo
           Ori Lev
           Michelle N. Webster
           Matthew E. Fenn

        VINSON & ELKINS LLP
           Stephen M. Medlock
           Evan Miller
           Nataly Farag
           Alex Rant
           Rami Abdallah E. Rashmawi

        CENTER FOR GENDER AND REFUGEE STUDIES
           Melissa Crow
           Neela Chakravartula
           Robert Pauw

        CENTER FOR CONSTITUTIONAL RIGHTS
           Baher Azmy*
           Angelo Guisado*

        AMERICAN IMMIGRATION COUNCIL
           Katherine Melloy Goettel
           Gianna Borroto
           Suchita Mathur

By: */s/ Stephen M. Medlock*
     Stephen M. Medlock

*Attorneys for Plaintiffs*

\* Pro Hac Vice motion forthcoming.

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 22, 2023           Respectfully submitted,

                                    */s/ Stephen M. Medlock*
                                    Stephen M. Medlock

                                    *Attorney for Plaintiffs*