MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
mmarmolejo@mayerbrown.com
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500
Michelle N. Webster (DC Bar No. 985265)
(*pro hac vice*)
M*webster@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
*smedlock@velaw.com*
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone: +1.202.639.6500
Facsimile: +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*crowmelissa@uclawsf.edu*
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile: +1.415.581.8824

*Additional Attorneys for Plaintiffs Listed on Next Page*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:23-cv-01367-AGS-BLM |
| Plaintiffs, | Hon. Andrew G. Schopler |
| v. | **PLAINTIFFS' BRIEF REGARDING PRESIDENTIAL PROCLAMATION** |
| ALEJANDRO MAYORKAS, *et al.*, | |
| Defendants. | |

MAYER BROWN LLP
Matthew E. Fenn (NY Bar No. 5391149)
(*pro hac vice*)
*Mfenn@mayerbrown.com*
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: +1.312.782.0600
Facsimile: +1.312.706.8139

VINSON & ELKINS LLP
Evan Miller (DC Bar No. 219310)
(*pro hac vice*)
*emiller@velaw.com*
Nataly Farag (DC Bar No. 90006516)
(*pro hac vice*)
*nfarag@velaw.com*
Alex Rant (DC Bar No. 1780786)
(*pro hac vice*)
*arant@velaw.com*
Rami Abdallah E. Rashmawi (DC Bar No. 1780184)
(*pro hac vice*)
*rrashmawi@velaw.com*
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:  +1.202.879.8939

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740)
(*pro hac vice forthcoming*)
*bazmy@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688)
(*pro hac vice forthcoming*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

AMERICAN IMMIGRATION COUNCIL
Gianna Borroto (IL Bar No. 6305516)
(*pro hac vice*)
*gborroto@immcouncil.org*
Suchita Mathur (NY Bar No. 5373162)
(*pro hac vice*)
*smathur@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

CENTER FOR GENDER & REFUGEE STUDIES
Neela Chakravartula (CA Bar No. 254746)
*neela@uclawsf.edu*

1  Dulce Rodas (CA Bar No. 352188)
   *rodasdulce@uclawsf.edu*
2  UC College of the Law, San Francisco
   200 McAllister Street
3  San Francisco, CA 94102
   Telephone: +1.415.565.4877
4  Facsimile:  +1.415.581.8824

5  CENTER FOR GENDER & REFUGEE STUDIES
   Robert Pauw (WA Bar No. 13613)
6  (*pro hac vice*)
   *rpauw@ghp-law.net*
7  c/o Gibbs Houston Pauw
   1000 Second Avenue, Suite 1600
8  Seattle, WA 98104
   Telephone: +1.206.682.1080
9  Facsimile:  +1.206.689.2270

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Table of Contents

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL DEVELOPMENT | 2 |
|    A. On June 3, 2024, President Biden Issues a Proclamation Closing the Border. | 2 |
|    B. Defendants Enact an Interim Final Rule Limiting Asylum Eligibility. | 3 |
|    C. Defendants Promulgate Memoranda Closing the Border. | 4 |
|    D. Defendants Provide Some Documents to Plaintiffs But Refuse to Provide All Relevant Policy Guidance. | 5 |
| III. THE PROCLAMATION AND RELATED GUIDANCE DO NOT IMPEDE PLAINTIFFS' CLAIMS. | 5 |
|    A. Plaintiffs' *Accardi* Claim Is Not Moot. | 5 |
|    B. Plaintiffs' Claims Under The APA Are Unaffected. | 7 |
|       1. Plaintiffs' Claims Under APA §706(2)(A), (C) Remain Live As The Proclamation and Proclamation Guidance Are Not In Accordance With The Law. | 7 |
|       2. Defendants' Actions Remain Arbitrary And Capricious Under APA § 706(2)(A), (C). | 8 |
|       3. Turnbacks Are Still Agency Action Unlawfully Withheld or Unreasonably Delayed Under APA § 706(1). | 9 |
|    C. The Due Process And Alien Tort Statute Claims Are Unaffected. | 10 |
| IV. DEFENDANTS SHOULD PRODUCE *ALL* "RELEVANT" POLICY GUIDANCE. | 10 |
| CONCLUSION | 10 |

## Table of Authorities

**Page**

**Cases**

*Al Otro Lado v. Wolf*,
  952 F.3d 999 (9th Cir. 2020) ............................................................................... 7, 8

*Al Otro Lado, Inc. v. Mayorkas*,
  No. 17-CV-02366-BAS-KSC, 2021 WL 3931890 (S.D. Cal. Sept. 2, 2021) .... 7, 8

*Fikre v. Fed. Bureau of Investigation*,
  904 F.3d 1033 (9th Cir. 2018) ........................................................................ passim

*Las Americas Immigrant Advocacy Center v. Department of Homeland Security*,
  No. 1:24-cv-01702-RC, D.D.C. (filed June 12, 2024) ........................................... 4

*League of Women Voters of Indiana, Inc. v. Sullivan*,
  5 F.4th 714 (7th Cir. 2021) ...................................................................................... 8

*Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*,
  9 F.4th 1201 (9th Cir. 2021) ..................................................................................... 6

*United States ex rel. Accardi v. Shaughnessy*,
  347 U.S. 260 (1954) ......................................................................................... 5, 6, 7

*Western Oil & Gas Ass'n v. Sonoma Cnty.*,
  905 F.2d 1287 (9th Cir. 1990) ............................................................................ 6, 7

**Statutes**

28 U.S.C. § 1350 ....................................................................................................... 10

8 U.S.C. § 1158 ....................................................................................................... 7, 8

8 U.S.C. § 1225 ....................................................................................................... 7, 8

**Other Authorities**

*Securing the Border*, 89 Fed. Reg. 48710 (June 7, 2024)
  https://www.federalregister.gov/documents/2024/06/07/2024-12435/securing-
  the-border ................................................................................................................. 3

## I.  INTRODUCTION

Plaintiffs are challenging Defendants' policy that prohibited asylum seekers without CBP One appointments from accessing the U.S. asylum process at ports of entry on the U.S.-Mexico border ("POE"). Defendants issued binding guidance stating that noncitizens would be allowed to approach POEs and seek asylum, regardless of whether those noncitizens were lucky enough to secure an appointment through the CBP One app. But Defendants failed to follow that binding guidance from the very start, and instead refused to allow noncitizens without CBP One appointments to be processed at POEs. Defendants' actions showed they were disregarding their own policy, their statutory obligation to inspect and process all arriving noncitizens, the Constitution, and the Alien Tort Statute.

Now, Defendants have promulgated an express turnback policy, albeit a temporary one. On June 3, 2024, President Biden issued a proclamation purporting to close the southern border when certain conditions are met (the "Proclamation"). On June 4, the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ") issued an interim final rule that effectively precludes asylum for any noncitizen enters the United States without a CBP One appointment or between POEs. And DHS, Customs and Border Protection ("CBP") and (presumably) Border Patrol and the Office of Field Operations ("OFO") have issued memoranda implementing the proclamation. Defendants have said that it will be implemented "by preventing the entry of noncitizens described in the Proclamation at the international boundary line." ECF No. 78 at 2. The result of these shortsighted policies will be predictable, preventable human suffering as noncitizens are forced to wait weeks or months in dangerous Mexican border towns—sometimes in the very communities from which they are fleeing persecution—in hopes of obtaining one of the scarce appointments allowing them to come to a POE and access the asylum process.

But while the Proclamation and related guidance will cause widespread harm,

they have little impact on this case. The Proclamation, the new Interim Final Rule ("IFR"), and the DHS and CBP memoranda (collectively the "Proclamation Guidance") are temporary by their own terms, and the policies that Plaintiffs challenged either remain in effect or will spring back into force once the preconditions for the Proclamation are no longer met. Accordingly, Plaintiffs' claims remain live controversies.

Importantly, however, Defendants did not file all of the guidance referenced in the three exhibits that they attached to their one-page notice. Plaintiffs have asked Defendants to produce the memorandum referenced in ECF No. 78-3, entitled: "Processing Guidelines for Noncitizens Described in Presidential Proclamation, Securing the Border and Interim Final Rule, Securing the Border," as well as any other memorandum implementing the Proclamation that was not disclosed. Despite claiming that these policies "are relevant to Plaintiffs' claims in this matter," ECF No. 78, Defendants have thus far refused to produce this guidance to Plaintiffs. Defendants cannot have it both ways. They should not be allowed to disclose some, but not all, of their policy pronouncements, and then argue that this Court should make decisions based on that artificially-limited set of information. If this Court takes any action based on the "notice," it should compel Defendants to produce all of the relevant information regarding these supposedly "relevant" policy changes to Plaintiffs and this Court.

## II. FACTUAL DEVELOPMENT
### A. On June 3, 2024, President Biden Issues a Proclamation Closing the Border.

On June 3, 2024, President Biden issued a Proclamation entitled "Securing the Border." The Proclamation suspended and limited the entry of noncitizens effective June 5, 2024, but that closure "shall be discontinued" when the 7-consecutive-calendar day average of encounters between POEs is less than 1,500 daily encounters. Proclamation § 2(a). The suspension can be reinstated when border encounters

between POEs exceed an average of 2,500 daily encounters per day over a 7-day period.

On its face, the Proclamation appears to implement a CBP One Turnback Policy by prohibiting entry for most noncitizens without valid travel documents who lack a CBP One appointment (that is, those who do not present "pursuant to a prescheduled time and place"). Proclamation § 3(b)(v); *see also* ECF No. 1 ¶¶ 4-6. But the Proclamation also seems to preserve the discretion of CBP officers to allow noncitizens without CBP One appointments to wait for processing as operational capacity permits, consistent with the November 2021 memorandum.[1] *Cf.* ECF No. 50-3 at 15[2] (requiring CBP officers to allow certain "undocumented noncitizens who are encountered at the border line . . . to wait in line" regardless of whether they have a CBP One appointment). Other guidance makes clear that the Proclamation is part of an explicit turnback policy, albeit a temporary one.

### B. Defendants Enact an Interim Final Rule Limiting Asylum Eligibility.

DHS and DOJ then issued an interim final rule (the "IFR") implementing the Proclamation. *Securing the Border*, published at 89 Fed. Reg. 48710 (June 7, 2024).[3] The IFR substantively limits asylum eligibility for noncitizens who enter the United States contrary to the Proclamation. *See* 89 Fed. Reg. 48732 (summarizing the rule). But the new IFR only applies "during emergency border circumstances," i.e., during times when the measures in the Proclamation are in effect. 89 Fed. Reg. 48732; 48754.

The new IFR does not directly impact noncitizens' ability to access POEs, as it

---

[1] The Proclamation contains other exceptions that apply to particularly vulnerable noncitizens and ostensibly gives CBP some discretion to allow other noncitizens entry. *See* Proclamation § 3(b)(iii)-(vii).

[2] Unless otherwise indicated, page citations to ECF entries are to the automatically generated page numbers in the top heading of the ECF marking.

[3] https://www.federalregister.gov/documents/2024/06/07/2024-12435/securing-the-border.

primarily addresses the procedures for seeking and eligibility for humanitarian relief. Further, the IFR has already been challenged as contrary to the INA and the Administrative Procedure Act. *Las Americas Immigrant Advocacy Center v. Department of Homeland Security*, No. 1:24-cv-01702-RC, D.D.C. (filed June 12, 2024).

### C. Defendants Promulgate Memoranda Closing the Border.

On June 3, 2024, Defendant Alejandro Mayorkas, the Secretary of Homeland Security, issued a memorandum titled *Implementing the Presidential Proclamation, Securing the Border* (the "DHS Memorandum"). ECF 78-2. The DHS Memorandum instructed officers to "take all appropriate actions, consistent with applicable law, policy, and operational guidance, to implement the suspension and limitation on entry" in the Proclamation. ECF 78-2. The actions are to continue during any period in which the Proclamation is in effect." ECF 78-2.

On June 4, 2024, CBP, through Defendant Troy Miller, issued a memorandum *Implementation of Presidential Proclamation*, *Securing the Border and Interim Final Rule*, *Securing the Border* (the "CBP Memorandum"). ECF 78-3. The CBP Memorandum provides that "[d]uring periods in which . . . the Presidential Proclamation and the IFR apply," U.S. Border Patrol and OFO must follow procedures laid out in new operative guidance:

- *Implementation of Presidential Proclamation and Interim Final Rule, Securing the Border*, and
- *Processing Guidelines for Noncitizens described in Presidential Proclamation, Securing the Border and Interim Final Rule, Securing the Border (*"Processing Guidelines"*).*

The CBP Memorandum expressly provides that while the Proclamation and IFR are in effect, that guidance "supersede[s] the provisions in the November 1, 2021 memorandum and the May 11, 2023 memorandum and muster, *Post-Tile 42 Port Operations*" that were at issue in Plaintiffs' complaint and the preliminary injunction

briefing. ECF 78-3; *compare* ECF No. 1 ¶51; ECF No. 50-3 at 18-19.

### D. Defendants Provide Some Documents to Plaintiffs But Refuse to Provide All Relevant Policy Guidance.

Defendants provided some documents to this Court and Plaintiffs with their filing, but not all the relevant guidance. ECF No. 78. Defendants assert that the guidance "will be implemented at ports of entry by preventing the entry of noncitizens described in the Proclamation at the international boundary line." ECF No. 78 at 2. However, none of the guidance documents that Defendants provided reference the limit line or specify where or how Defendants will implement the Proclamation at POEs.

On June 10, Plaintiffs requested additional documents from Defendants, including the Processing Guidelines referenced in the CBP Memorandum, so that Plaintiffs could evaluate the impact of the Proclamation and implementing guidance on this case. *See* Declaration of Stephen Medlock, Ex. 1. Defendants refused to provide any additional documents. *See Id.* Instead, Defendants again stated that unspecified OFO guidance "provides that unless a traveler is excepted from the Proclamation, the traveler shall not be permitted to cross the international boundary.'" *Id.* at 1.

## III. THE PROCLAMATION AND RELATED GUIDANCE DO NOT IMPEDE PLAINTIFFS' CLAIMS.

Plaintiffs brought six claims against Defendants for their violations of statutory, treaty, and self-imposed policy obligations. ECF No. 1 ¶¶ 158–216. Based on available information, the Proclamation and Proclamation Guidance do not impact Plaintiffs' claims.

### A. Plaintiffs' *Accardi C*laim Is Not Moot.

Plaintiffs' first claim arises under the *Accardi* doctrine, which requires administrative agencies to follow their own binding guidance, even when that guidance exceeds statutory requirements. ECF No. 1 ¶159; *cf. United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). In particular, Plaintiffs allege that

Defendants are not following the November 1, 2021 memorandum that requires CBP officers to allow noncitizens to wait in line at POEs regardless of whether they have a CBP One appointment. ECF No. 1 ¶160-62; *see also* ECF No. 72 at 18-22.

The Proclamation and related guidance temporarily supersede the November 2021 memorandum, and thus raise the specter of mootness. *See* ECF No. 78 at 2. However, Plaintiffs' *Accardi* claim is not moot because temporary changes in executive policy do not moot claims.

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021). But "voluntary cessation of allegedly illegal conduct" does not moot the case unless "'there is no reasonable expectation ...' that the alleged violation will recur." *Fikre v. Fed. Bureau of Investigation*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citations omitted). It is the government's "heavy burden" to show that its new policy moots a case. *Id.* The inquiry is whether "the government's new position 'could be easily abandoned or altered in the future.'" *Id.* at 1038. Under Ninth Circuit law, a voluntary change in official behavior moots an action "only when it is 'absolutely clear' to the court, considering the 'procedural safeguards' insulating the new state of affairs from arbitrary reversal and the government's rationale for its changed practice(s), that the activity complained of will not reoccur." *Id.* at 1039 (citations omitted).

Policies that are temporary on their face generally do not moot claims. *Western Oil & Gas Ass'n v. Sonoma Cnty.*, 905 F.2d 1287, 1291 (9th Cir. 1990). In *Western Oil & Gas*, two oil and gas industry associations challenged ordinances affecting off-shore oil and gas drilling, and the President enacted a moratorium on off-shore drilling and pre-lease negotiation during the appeal. *Id.* at 1289–90. The Ninth Circuit concluded that uncertainty as to when offshore leases would resume did not render the issue moot because "the issues they concern are likely to recur." *Id.* at 1290. The Government itself "concede[d] that contested issues could arise again," and the Ninth

Circuit found the case was not moot. *Id.*

Here, Plaintiffs' *Accardi* claim is also likely to recur. The Proclamation and implementing guidance are, by their own terms, temporary and will no longer apply once border encounters decrease. Proclamation § 2(a); ECF No. 78 at 2 (asserting that the November 2021 memorandum is superseded only "during the time period in which the measures described in the Proclamation are in effect"). The issues raised by Plaintiffs are thus "likely to recur," particularly because Defendants have routinely flouted their obligations under the November 2021 memorandum (and other guidance) to inspect and process noncitizens without a CBP One appointment. *See generally* ECF No. 39-1 at 15 (Plaintiffs' Preliminary Injunction Motion at 7) and Exs. 11, 14, 17 19, 20, 24, 27 thereto. Thus, it is not "absolutely clear" that Defendants' violations of the relevant guidance about the management and processing of undocumented noncitizens will not recur in the future. *Fikre*, 904 F.3d at 1039

### B.   Plaintiffs' Claims Under The APA Are Unaffected.
#### 1.   Plaintiffs' Claims Under APA §706(2)(A), (C) Remain Live As The Proclamation and Proclamation Guidance Are Not In Accordance With The Law.

Plaintiffs also allege that turnbacks of asylum seekers without CBP One appointments violate 8 U.S.C. § 1225 and § 1158. ECF No. 1 at ¶¶167-179. Here, Plaintiffs claims are not moot. As both a Ninth Circuit motions panel and Judge Bashant have found, "a class member's first arrival [at a POE] trigger[s] a statutory right to apply for asylum and have that application considered" under the asylum rules in force at that time. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1013–14 (9th Cir. 2020), (citations omitted); *Al Otro Lado, Inc. v. Mayorkas*, No. 17-CV-02366-BAS-KSC, 2021 WL 3931890, at *16 (S.D. Cal. Sept. 2, 2021).

The temporary changes resulting from the Proclamation and Proclamation Guidance do not moot this claim. *See Fikre*, 904 F.3d at 1037. The Proclamation and Proclamation Guidance will no longer apply once border encounters between POEs

decrease. Proclamation § 2(a); ECF No. 78 at 2 (asserting that the November 2021 memorandum is superseded only "during the time period in which the measures described in the Proclamation are in effect"). Thus, it is likely that the statutory violations alleged in the Complaint will recur. *Fikre*, 904 F.3d at 1039.[4]

Moreover, the Proclamation and Proclamation Guidance continues the same unlawful practice of refusing to inspect and process arriving noncitizens, so the "gravamen" of the challenge has not changed. *See League of Women Voters of Indiana, Inc. v. Sullivan*, 5 F.4th 714, 721 (7th Cir. 2021). In *League of Women Voters*, the plaintiffs challenged a state statute that conflicted with federal voting law, and the state amended and replaced the statute with a nearly identical scheme. *Id.* at 719. The Seventh Circuit held that "despite the different window dressing," the new scheme was "functionally identical to" the original scheme, and thus the issues were not moot. *Id.*

Here, the new policies may provide temporary cover for Defendants, but they also violate the INA, and the gravamen of Plaintiffs' claims remains the same. Any policy that prevents inspection and processing under the INA violates 8 U.S.C. § 1225 and § 1158.

**2. Defendants' Actions Remain Arbitrary And Capricious Under APA § 706(2)(A), (C).**

Plaintiffs allege further that CBP implemented a "CBP One Turnback Policy" that is arbitrary and capricious. ECF No. 1 at ¶¶180–188. Defendants have disputed the existence of a CBP One Turnback Policy. ECF No. 68-1 at 24 (claiming the CBP One Turnback Policy "does not exist"). But as explained in Plaintiffs' response to

---

[4] Further, those noncitizens who attempted to enter prior to the Proclamation and Proclamation Guidance but were turned back should be inspected and processed under the law in effect at the time of the attempted entry. *See Al Otro Lado, Inc. v. Mayorkas*, 2021 WL 3931890, at *16 & n.14; *Wolf*, 952 F.3d at at 1014 ("It is more likely that the first arrival is governed by the eligibility requirements at the time the right to be considered for asylum arose than that regulations imposed after the fact will cancel out the earlier eligibility.")

Defendants' Motion to Dismiss, Plaintiffs have plausibly alleged the existence of a CBP One Turnback Policy. ECF No. 72 at 41-44. Indeed, as discussed below, the new Proclamation and Proclamation Guidance is strong evidence that such a policy exists, and Defendants are merely attempting to provide a new justification for their ongoing practices.

For the reasons discussed in Section B(1), the temporary changes resulting from the Proclamation and Proclamation Guidance do not moot this claim. *See Fikre*, 904 F.3d at 1037. Once the number of border encounters between POEs decreases (or the Proclamation, IFR, and other guidance are suspended for other reasons), the unlawful CBP One Turnback Policy will presumably spring back into place. Thus, it is likely that the issues complained of by Plaintiffs will recur. *Id.* at 1039.

The Proclamation and Proclamation Guidance constitute strong evidence that Defendants have a CBP One Turnback Policy. The Proclamation expressly limits entry to those without valid travel documents who arrive "pursuant to a pre-scheduled time and place," i.e., a CBP One appointment. Proclamation § 3(b)(v). While Defendants may argue that this is a new policy, it is consistent with Plaintiffs' allegations that Defendants have routinely refused to inspect and process noncitizens without a CBP One appointment. *See* ECF No. 1 ¶119; ECF No. 72 at 20. Because the core of this APA claim remains unchanged.

### 3. Turnbacks Are Still Agency Action Unlawfully Withheld or Unreasonably Delayed Under APA § 706(1).

The new Proclamation and Proclamation Guidance has no effect on Plaintiffs' fourth claim for relief under the APA. ECF No. 1 ¶¶ 189–198. Defendants challenge Plaintiffs' fourth claim by arguing that Plaintiffs have not alleged a discrete or final agency action. *See* ECF No. 68-1 at 32–36. As Plaintiffs have explained, each individual turnback constitutes such an action for purposes of Plaintiffs' APA claims, and the CBP One Turnback Policy itself is final agency action. ECF No. 72 at 44–46. The new Proclamation and related guidance do not affect this analysis. And

because the policy is temporary, it does not moot Plaintiffs' challenge to turnbacks under the CBP One Turnback Policy (or otherwise). *See Fikre*, 904 F.3d at 1037.

### C. The Due Process And Alien Tort Statute Claims Are Unaffected.

Plaintiffs' final two claims under the Due Process Clause of the Fifth Amendment (ECF No. 1 ¶¶ 199–208) and the Alien Tort Statute, 28 U.S.C. § 1350 (ECF No. 1 ¶¶ 209–216) are likewise unaffected by the Proclamation. The temporary changes brought about by the Proclamation do not moot these claims. *See Fikre*, 904 F.3d at 1037.

### IV. DEFENDANTS SHOULD PRODUCE *ALL* "RELEVANT" POLICY GUIDANCE.

Despite telling this Court that its policy changes "are relevant" to this case, ECF No. 78, Defendants have refused to produce all the operational guidance referenced in their filings, and vaguely suggested that some portion of the documents contain law enforcement sensitive information. Ex. 1 to Medlock Decl. Plaintiffs and this Court should not be left to guess what that operational guidance is or how it may be relevant to this case. If Defendants want to make an issue out of their recent policy changes, they should provide *all* relevant guidance to this Court and Plaintiffs.

### CONCLUSION

For the foregoing reasons, the Proclamation and Proclamation Guidance have little, if any, impact on this case. Accordingly, this Court should deny Defendants' pending Motion to Dismiss.

Dated: June 20, 2024           Respectfully submitted,

MAYER BROWN LLP
    Matthew H. Marmolejo
    Michelle N. Webster
    Matthew E. Fenn

VINSON & ELKINS LLP
    Stephen M. Medlock
    Evan Miller
    Nataly Farag
    Alex Rant
    Rami Abdallah E. Rashmawi

CENTER FOR GENDER AND REFUGEE STUDIES
    Melissa Crow
    Neela Chakravartula
    Robert Pauw
    Dulce Rodas

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy*
    Angelo Guisado*

AMERICAN IMMIGRATION COUNCIL
    Gianna Borroto
    Suchita Mathur

By: /s/ *Stephen M. Medlock*
  Stephen M. Medlock

*Attorneys for Plaintiffs*
* Pro Hac Vice motion forthcoming.

# CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 20, 2024

Respectfully submitted,

s/ *Stephen M. Medlock*
Stephen M. Medlock

*Attorney for Plaintiffs*