BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
EREZ REUVENI
Counsel
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
JASON WISECUP
Trial Attorney

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:23-cv-01367-AGS-BLM |
| *Plaintiffs*, | Hon. Andrew G. Schopler |
| v. | **NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING MOTION TO DISMISS (ECF NO. 68)** |
| ALEJANDRO N. MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

In their motion to dismiss, Defendants argued that the two Organizational Plaintiffs have not pleaded Article III standing for various reasons. In June 2024, the Supreme Court issued decisions in *FDA v. Alliance for Hippocratic Medicine*, 144 S. Ct. 1540 (2024) and *Murthy v. Missouri*, 144 S. Ct. 1972, 2024 WL 3165801 (June 26, 2024), which are relevant to whether the Organizational Plaintiffs' allegations are sufficient to withstand a facial attack on standing.

First, in *Alliance*, the Supreme Court determined that plaintiff medical associations lacked standing to challenge the FDA's decision concerning the regulation of others. *Alliance*, 144 S. Ct. at 1558–59, 1563–65. In its opinion, the Court reiterated that traceability and redressability are "substantially more difficult to establish" when "a plaintiff challenges the government's unlawful regulation (or lack of regulation) of someone else." *Id.* at 1556–57. It also made clear that its prior decision in *Havens Realty v. Coleman*, 455 U.S. 363 (1982), does not stand for the "expansive theory" that "standing exists when an organization diverts its resources in response to a defendant's actions." *Alliance*, 144 S.Ct. at 1564. The Court stated that organizations may not manufacture their own standing "simply by expending money to gather information and advocate against the defendant's action." *Id.* at 1563–64. It described *Havens Realty* as an "unusual case" where the defendant's actions "directly affected and interfered with" the plaintiff's core business activities because the defendant gave false information about apartment availability that "impaired" plaintiff's ability to "provide counseling and referral services for low and moderate income homeseekers." *Id.*

*Alliance* calls into question the Ninth Circuit's previous interpretations and applications of *Havens Realty*. *See, e.g., E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 765–66 (9th Cir. 2018) ("We have thus held that, under *Havens Realty*, a diversion-of-resources injury is sufficient to establish organizational standing for purposes of Article III, if the organization shows that, independent of the litigation, the challenged policy frustrates the organization's goals and requires the

organization to expend resources in representing clients they otherwise would spend in other ways.") (internal quotations and citations omitted). Thus, organizational standing arguments previously foreclosed or discouraged by Ninth Circuit precedent are likely now available under *Alliance*.

For example, here, the Organizational Plaintiffs have not only failed to allege facts to show that their costs or injuries are cognizable or attributable to a purported "CBP One Turnback Policy," but their claimed diversion-of-resource injuries independently cannot establish standing under *Alliance*. *See* Compl. ¶¶ 141–151; Opp. to Mot. to Dismiss (ECF No. 72) at 15–16. Organizational Plaintiff Al Otro Lado alleges that it has diverted resources "to conduct POE monitoring to document how the CBP One Turnback Policy plays out in practice so that they can properly advise clients and engage with policymakers and advocates," including spending "countless hours in stakeholder engagement meetings" to advocate to DHS against the alleged "CBP One Turnback Policy." Compl. ¶¶ 142, 144. *Alliance* forecloses reliance on such expenditures alone to establish standing: an organization "cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." 144 S. Ct. at 1563–54. More broadly, *Alliance* stands for the proposition that an organization cannot establish standing merely because it spends money and expends resources to assist people, even if that assistance is a response to changes in law or alleged changes to government practice. *See Alliance*, 144 S. Ct. at 1564; *see* Compl. ¶¶ 143, 145, 149. Unlike in *Havens Realty*, the Organizational Plaintiffs have not alleged facts to show that the government's alleged actions have "interfered with" or "imposed [an] impediment to" their core business activities. *See id.*

Next, in *Murthy*, 144 S. Ct. 1972, 2024 WL 3165801 (June 26, 2024), the Supreme Court held that the plaintiff states and individual social media users had failed to establish a "concrete link between their injuries"—suppression of speech on social media platforms—and federal government entities' communications with

social media platforms. *Murthy*, 2024 WL 3165801 at *17. The Supreme Court emphasized that there must be a sufficient causal connection between the claimed injury and the challenged governmental conduct to establish standing. *Id.* at *10–17. Just as the plaintiffs in *Murthy* failed to demonstrate "a substantial risk of future injury that is traceable to the Government defendants and likely to be redressed by an injunction," *id.* at *13, the Organizational Plaintiffs have failed to allege facts to show that their alleged costs or injuries are attributable to the claimed "CBP One Turnback Policy" or likely to be redressed by relief pertaining thereto, *see* Mem. in Supp. of Mot. to Dismiss (ECF No. 68-1) at 14–16; Reply (ECF No. 73) at 3–4.

DATED: July 12, 2024                Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Principal Deputy Assistant Attorney General

                                    WILLIAM C. PEACHEY
                                    Director

                                    EREZ REUVENI
                                    Counsel

                                    SAMUEL P. GO
                                    Assistant Director

                                    */s/ Katherine J. Shinners*
                                    KATHERINE J. SHINNERS
                                    Senior Litigation Counsel
                                    United States Department of Justice
                                    Civil Division
                                    Office of Immigration Litigation
                                    District Court Section
                                    P.O. Box 868, Ben Franklin Station
                                    Washington, D.C. 20044
                                    Tel: (202) 598-8259 | Fax: (202) 305-7000
                                    Email: katherine.j.shinners@usdoj.gov

                                    JASON WISECUP
                                    Trial Attorney


                                    *Counsel for Defendants*

1

## **<u>CERTIFICATE OF SERVICE</u>**

2        I certify that I served a copy of this document on the Court and all parties by

3   filing this document with the Clerk of the Court through the CM/ECF system, which

4   will provide electronic notice and an electronic link to this document to all counsel

5   of record.

6

7   DATED: July 12, 2024                 Respectfully submitted,

8                                        */s/ Katherine J. Shinners*

9                                        KATHERINE J. SHINNERS

10                                       Senior Litigation Counsel
                                         United States Department of Justice
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28